```
                                        FILED
                                CLERK, U.S. DISTRICT COURT

                                    DEC 30 2015

                                CENTRAL DISTRICT OF CALIFORNIA
                                BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER, | ) CASE NO. CV 12-2383-VAP (PJW) |
| Plaintiff, | ) |
| v. | ) [~~PROPOSED~~] ORDER DISMISSING |
| F. VILLALOBOS, et al., | ) ACTION WITH PREJUDICE |
| Defendants. | ) |
| JEFFREY E. WALKER, | ) CASE NO. CV 10-5629-VAP (PJW) |
| Plaintiff, | ) |
| v. | ) [~~PROPOSED~~] ORDER DISMISSING |
| DR. SCOTT, et al., | ) ACTION WITH PREJUDICE |
| Defendants. | ) |

On September 24, 2012, the parties took part in a settlement conference before United States Magistrate Judge Victor E. Bianchini. They ultimately agreed to settle both cases. The material terms of the settlement agreement were placed on the record and the Court inquired as to whether Plaintiff understood the terms of the agreement and was willing to settle the cases under those terms:

| | | |
|---|---|---|
| | Ms. Buechsenschuetz (counsel for Defendants): | [] We have agreed to resolve both cases with Mr. Walker for the sum of $6,500. In connection with that settlement there will be documents for Mr. Walker to sign, including one settlement agreement that will cover both cases, one stipulation of dismissal for the Walker v. Villalobos Case, one stipulation of dismissal for the Walker v. Dr. Scott case, and one internal form for our processing purposes. It's referred to as a "Payee Data Record." |
| | The Court: | Did you hear that recitation, Mr. Walker? |
| | Mr. Walker: | Yes. |
| | The Court: | Okay. And are you willing to agree by those – agree to those terms and abide by them? |
| | Mr. Walker: | Yes. |
| | The Court: | All right. And you understand that there will be a written agreement that will be presented to you at your facility which you'll be obligated to sign before any money exchanges hands. You understand that? |
| | Mr. Walker: | Yes. |

Thereafter, Defendants' counsel prepared a written settlement agreement and forwarded it to Plaintiff for his review and signature. Plaintiff refused to sign the agreement, however, and has now informed the Court that he did not agree to settle the case, will not sign the settlement documents, and wants his case to go forward immediately. He complains that he now believes that there could be liens against him and that some of the money he will receive from Defendants could

be used to pay off those liens. He points out that the issue was not addressed in the settlement conference. For the reasons set forth below, the Court denies Plaintiff's motion and dismisses the case with prejudice.

Federal courts have the power to enforce settlement agreements. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); see also *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984); *Ozyagcilar v. Davis*, 701, F.2d 306, 308 (4th Cir. 1983); *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969). To warrant enforcement, the Court must be satisfied that the parties have agreed to the material terms of the settlement and that the agreement is complete. *Callie*, 829 F.2d at 890 (explaining settlement is complete when all material terms are agreed to, if material terms are in dispute, the court may authorize an evidentiary hearing); *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-55 (9th Cir. 1977).

There is no doubt that the material terms of the settlement were agreed to at the settlement conference. In fact, those terms were placed on the record at the conclusion of the settlement conference and Plaintiff agreed to those terms--i.e., that Plaintiff would receive $6,500 in exchange for dismissal with prejudice of both of his cases. Those are the same terms that are included in the settlement papers Defendants have forwarded to Plaintiff for his signature (which they have also provided to the Court at the Court's request). Plaintiff does not dispute this fact. He merely argues that, because he was not aware at the time that he agreed to settle the case that there might be liens against his prison account and, therefore, he might not realize the entire $6,500 he bargained for, he should be able to avoid the settlement agreement.

3

Even assuming that there are liens against his account, that is not enough to justify canceling the agreement. Defendants were under no obligation to raise the issue with him and Plaintiff should have known whether there were liens against his account and negotiated with that in mind.

For these reasons, Plaintiff's motion to be relieved of the settlement is denied. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141(9th Cir. 2002) ("At a time where the resources of the federal judiciary, and this Circuit especially, are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits her.") Plaintiff is ordered to sign the settlement documents. After receiving the signed documents, Defendants are ordered to release the funds. The cases are hereby dismissed with prejudice.

DATED: 12/30/15

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

Presented by:

Patrick J. Walsh
United States Magistrate Judge

S:\PJW\Cases-Civil Rights\WALKER 2383\Order on Settlement.wpd

4